IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROGER CHARLES LANIER, #220979,    )
                                  )
            Plaintiff,            )
                                  )
    v.                            )    CIVIL ACTION NO. 2:06-CV-353-WHA
                                  )                [WO]
                                  )
GOVERNOR BOB RILEY, et al.,       )
                                  )
            Defendants.           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Roger Charles Lanier ["Lanier"], a state inmate,

asserts that the Governor of Alabama, Bob Riley, the prison commissioner, Richard Allen,

and various correctional officials have subjected him to cruel and unusual punishment as they

have allowed "officers and inmates throughout the ADOC [to] attempt[] to murder plaintiff

by payoff" from a free-world source.  *Plaintiff's Complaint* at 2-3.  Lanier asserts that the

attempts on his life have transpired since 2002 and have occurred at each correctional facility

within which he has been incarcerated.  *Id*.

Upon review of the complaint, the court concludes that dismissal of this case prior to

service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint
screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires
the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is
frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from
a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

Lanier complains that the defendants have failed to intervene on his behalf with respect to attempts made on his life in accordance with orders issued by a civilian drug lord.[2] He further complains that the mental health staff forces him to take his prescribed medications and that "psychotropic meds were put in [his] food causing all kinds of physical pains and [he] always was referred to mental health when the problem was [actually] a security matter." *Plaintiff's Complaint* at 3. Finally, Lanier maintains that classification officials "releas[ed] classification matters to inmates and others," officers and inmates are "holding legal mail, reading privileged mail and drugging me to copy my legal notes . . . correspondence [is] copied and delayed phone calls recorded. Bugged on my person and viewed with camera while in cell performing bodily functions & while I file legal work." *Id*.

This court shall dismiss an *in forma pauperis* complaint "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i); *see also, Neitzke*

---

[2]2. In *Lanier v. Riley, et al.*, Case No. 2:06-CV-343-MEF, Lanier explains that "[t]here has been at least five attempts made on my life to murder me by inmates and officers who are being paid by a civilian to do so. . . . Members of the mental health staff, officers and inmates are putting prescribed medications such as antipsychotic , tranquilizers and psychotropic medications in my food, water and cups. This is being done to sadate me so that officers and inmates can search plaintiff's property. . . While plaintiff is sadated officers allow inmates to steal, destroy, view and read the plaintiff's personal property, letters, photos and cards. . . . Plaintiff's . . . mail are being read . . . outside plaintiff's view without any cause but to monitor and know what legal steps plaintiff may take. This is being done outside of regular prison policy by officers who are being paid to keep track and report my correspondence to the civilian that pays them. Plaintiff's phone calls are monitored and recorded for this civilian. Plaintiff has been transferred all over the State and the civilian is deeply rooted in the ADOC and travels with me as if he already knows where I will go next. . . . Plaintiff is very tired of this drug lord operating within the ADOC who has and is trying to kill the plaintiff.." *Id*. - *Plaintiff's Complaint/Motion for Temporary Restraining Order* at 2-4.

*v. Williams*, 490 U.S. 319, 324 (1989).[3]  This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.  Examples of such claims are those that describe "fantastic or delusional scenarios." *Id*. at 328.

After carefully reviewing this complaint, the court concludes, without hesitation, that the facts alleged by Lanier rise to the level of the irrational and reflect the ramblings of a troubled and delusional individual.[4]  The allegations made by Lanier are a paradigm of those claims which should be subject to dismissal for frivolousness as they are truly fantastic and incredible.  In light of the foregoing, the court concludes that this complaint is due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *Denton v Hernandez*, 504 U.S. 25 (1992); *Neitzke, supra*.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice as delusional in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before May 3, 2006 the parties may file objections to this

---

[3].  Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

[4].  The factual recitation set forth by Lanier in the instant complaint is indicative of someone suffering from paranoia.

3

Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of April, 2006.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

4